UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN C.R. LAMPE,

        Plaintiff,

   v.                                    CAUSE NO. 3:22-CV-626-DRL-MGG

M. INGRIM,

        Defendant.

OPINION AND ORDER

Devan C.R. Lampe, a prisoner without a lawyer, filed a complaint about events that occurred at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lampe alleges that Sergeant M. Ingrim did not give him his Ramadan breakfast tray the morning of April 3, 2022. Ramadan breakfast trays contained more food than the usual tray and were passed out on the unit before the regular breakfast trays. When Mr. Lampe complained to other officers about not getting his breakfast tray, he says Sergeant Ingrim initially claimed to have given him the tray. But when another officer asked whether the videos would support that, Sergeant Ingrim then expressed

uncertainty about whether he fed Mr. Lampe. Because Muslims do not eat during the day during Ramadan, Mr. Lampe had to go 24 hours without food, until he received his dinner that night.

Going 24 hours without food—from dinner one night to dinner the next—under these circumstances does not state a claim under the Eighth Amendment. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Mr. Lampe's allegations do not satisfy the objective prong.

The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), nor does it guarantee inmates food that is hot or "even appetizing," *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). However, inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In determining whether the denial of food amounts to a constitutional violation, "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999); *see Williams v. Schueler*, 436 F. App'x 687, 689 (7th Cir. 2011) (collecting cases that show objective element satisfied by scenarios including denial of four consecutive meals, denial of food for three to five

2

days, denial of 16 meals in 23 days). Here, missing the equivalent of breakfast and lunch on one day does not rise to the level of an Eighth Amendment violation.

Because Mr. Lampe's claim arose during the practice of his religion, the court considers whether he could state a claim under the First Amendment. Mr. Lampe's right to practice his religion is protected under the First Amendment. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation marks omitted). A prison practice that imposes a substantial burden on the free exercise of religion "may be justified if it is reasonably related to legitimate penological interests." *Kaufman*, 733 F.3d at 696 (internal quotation marks and citation omitted). This circuit identified a possible First Amendment violation when a plaintiff was denied Ramadan meal bags for two days, resulting in no proper meal for 55 hours, uncertainty if he would ever be put back on Ramadan list, and pressure to end his observance of Ramadan by eating in the cafeteria. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). Mr. Lampe's allegations here detail how the sergeant's actions caused him hunger pains as well as mental and emotional anguish. But he does not plausibly allege this one-time occurrence imposed a substantial burden on his religious practice.

In addition, the Religious Land Use and Institutionalized Persons Act (RLUIPA) offers broader protections than the First Amendment by prohibiting substantial burdens

on an inmate's religious exercise unless that burden serves a "compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Cutter v. Wilkinson*, 544 U.S. 709 (2005). However, Mr. Lampe is suing state officials. RLUIPA does not allow money damages against state officials, and instead allows for only injunctive relief. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). There is no indication that this is an ongoing problem that requires injunctive relief.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

January 3, 2023                                                              *s/ Damon R. Leichty*
                                                                             Judge, United States District Court